Mr. Justice Walker delivered the opinion of the Court. This was an action of debt brought by the Bank against Mitchell; and, by consent of parties, submitted to the court sitting as a jury, upon the issue formed upon the pleas of nil debet,, payment, .and set-off; on which, after hearing the evidence, the court decided in favor of the plaintiff, and rendered judgment thereon accordingly. No exception was taken by the defendant to the decision of the court upon any question during the trial, nor was there any motion made for a new trial; but the case comes before us upon a bill of exceptions to the decision - and judgment of the court, in which there is set forth the whole of the evidence. Under this state of case, it is evident that the only question presented for consideration is, as to the sufficiency of the evi- • dence, and when that is the case, if the question had been presented as error upon exception to the opinion of the circuit court for refusing to grant a new trial, unless there was a total lack of evidence upon one or more points necessary to the maintenance of the action or making out the defence, this court would not, as-a court of errors and appeals, feel at liberty to set aside the decision and judgment of the court. The facts of the case do not bring it within the rule as an extreme case in which there is such a preponderance of evidence against the decision of the court as to shock our sense of right; which rule has been restricted by the later decisions, until in fact it amounted to that which has been distinctly announced in a later decision at the present term {The State Bank v. Conway,) that this court, as a court of errors, would,, in no case, in which the question was simply as to the sufficiency of the evidence, disturb either the finding of the court sitting as jury or the verdict of the. jury. And if such' would have been the case,, had this case been presented upon exceptions to the opinion of the-court for overruling a motion for a new trial, it necessarily follows, in the case before us, where no such motion was made nor exception taken, that we should not do so. Indeed, the case before us would not come within the rule as laid down in any pf the-former decisions of the court; for the cases of The Real Estate Bank v. Rawdon et al., 5 Ark. 566, and Farrelly v. Cross, 5 Eng., were both cases in which there was no conflict of evidence, and nothing for the court in fact to- do, but to apply the- law to the: uncontroverted facts of record. There being no grounds of error presented in the record to the-decision of the court upon any question of law, the judgment, of the circuit court is in all things affirmed.